**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-10701

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GOBIND DARYANANI,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(3:97-CR-31-ALL-T)

February 3, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Gobind Daryanani appeals the sentence that the district court imposed pursuant to his plea agreement for conspiracy to traffic and attempt to traffic in counterfeit goods. Daryanani argues that the district court committed clear error in determining the value of counterfeit merchandise seized and in calculating the value

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attributable to counterfeit goods previously sold. We find that the district court did not commit clear error in making these determinations. *See United States v. Ismoila*, 100 F.3d 380, 396 (5th Cir. 1996) (setting forth the standard for review of loss determination under U.S.S.G. § 2F1.1); *United States v. Kim*, 963 F.2d 65, 69 (5th Cir. 1992).

Daryanani also argues that the district court committed an error by failing to give him the three-point reduction pursuant to U.S.S.G. § 2X1.1. In his plea agreement, he waived his right to contest the district court's failure to give him this reduction, but the government has not raised the issue of waiver. Daryanani had a storefront called Dallas Jewelry Findings from which counterfeit goods were sold, and he employed persons to sell these goods. Testimony at the sentencing hearing established that sales of counterfeit goods amounted to 80 percent of the total sales of Dallas Jewelry Findings, and that there were large quantities of counterfeit merchandise in stock awaiting sale. Accordingly, the district court did not commit any error when the court found that it was reasonably certain that there would have been retail sales of counterfeit goods absent government intervention. *See United States v. Sung*, 51 F.3d 92, 95-96 (7th Cir. 1995) (holding that whether defendant is eligible for § 2X1.1 reduction depends upon how close defendant comes to completing the sale of counterfeit goods). As a result, the district court did not commit any error

by not giving Daryanani the three-point reduction pursuant to § 2X1.1.

AFFIRMED.